UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| CAPITAL RESORTS GROUP, LLC<br>And JASON SHROFF,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>KENT EMMONS,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) No.: 3:15-CV-368-PLR-HBG<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

Plaintiffs, Capital Resorts Group (CRG) and Jason Shroff, filed this action on August 20, 2015, alleging defamation, invasion of privacy, intentional infliction of emotional distress, and violation of the Anti-Cybersquatting Consumer Protection Act. Defendant Kent Emmons, acting *pro se,* filed an answer and counter-complaint on September 14, 2015. Emmons' counter-complaint alleges causes of action for tortious interference, breach of contract, declaratory judgment, violation of the Tennessee Consumer Protection Act, copyright infringement, and insurance bad faith. Pending before the Court is Plaintiffs' motion to dismiss/strike certain defenses and claims in Emmons' counter-complaint [R. 13]. Emmons has not responded to Plaintiffs' motion to strike/dismiss.

The local rules of this Court provide that the failure to respond to a motion is deemed to be a waiver of any opposition to the relief sought. E.D. Tenn. LR 7.2. This waiver occurs both where a party expressly concedes a point, and where a party fails to respond to arguments made by its opponent. *Taylor v. Unumprovident Corp.*, 2005 WL 3448052 at *2 (E.D.Tenn. Dec. 14, 2005) (citing *Guster v. Hamilton Cnty Dept of Ed.*, 2004 WL 1854181 at *7 (E.D.Tenn. Mar. 2, 2004) (holding an argument not addressed in the responding party's brief is deemed waived). Because Emmons did not respond to Plaintiffs' specific arguments in support of their motion to strike/dismiss, the Court finds Emmons has waived any opposition to the relief sought.

## I. Background

Plaintiff CRG is a vacation ownership company that provides owners with access to vacation resorts across the country and, through partnerships with other companies, offers its owners vacation opportunities around the globe. Plaintiff Shroff is a principal and member of CRG and serves as its manager. Defendant Emmons, through his corporation Kent Direct, Inc., managed two AM radio stations located in Springfield, Missouri and Sevierville, Tennessee, owned by Surrey Vacation Resorts.

In July 2015, CRG purchased a portion of the assets of Surrey and continues to have an ongoing business relationship with Surrey. The two radio stations managed by Emmons were not among the assets purchase by CRG. Surrey terminated Kent's management contract for the two radio stations on July 23, 2015. Plaintiffs aver that Emmons then attempted unsuccessfully to negotiate for the sale and/or transfer of ownership of the two radio stations from Surrey to his company, Kent Direct, Inc.

2

Thereafter, Emmons engaged in a pattern of abusive and harassing behavior in an attempt to force a sale and/or transfer of ownership of the radio stations from Surrey to Kent.

Plaintiffs filed the instant action seeking damages resulting from Emmons' use of the domain name jsasonshroff.com. Plaintiffs state that Emmons registered the subject domain name and operates the website for the purpose of publishing defamatory remarks concerning CRG and Shroff. Plaintiffs assert that because the domain name is identical to Shroff's legal name, Emmons' use of the domain name violates Shroff's privacy and trademark rights to his own name.

Emmons has responded to Plaintiffs' complaint with a counter-complaint alleging that Plaintiffs engaged in a pattern of misleading behavior intended to defraud customers of Surrey. Emmons alleges that under the terms of the contract between Kent and Surrey, Surrey was obligated to pay all operating costs, vendors, and creditors with regard to the radio stations, but no payments were made. Emmons further alleges that under the terms of the contract, Surrey was obligated to pay Kent for commissions earned and for operations and equipment.

## II. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is well-settled that motions to strike are disfavored and should be granted only "when the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *E.E.O.C. v. FPM*

3

*Group, Ltd.,* 657 F.Supp.2d 957, 966 (E.D.Tenn. 2009). Striking a pleading is considered "a drastic remedy to be resorted to only when required for the purposes of justice" and it "should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953). An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstances. *Fed. Sav. & Loan Ins. Corp. v. Burdette,* 696 F.Supp. 1183, 1186-87 (E.D.Tenn. 1988).

Emmons' Fourth Defense states that ". . . Plaintiffs . . . cannot establish that the challenged ordinance would be invalid under any set of circumstances." As pointed out by Plaintiffs, there is no legislative act or ordinance that is being challenged in this case; nor are any of the Plaintiffs governmental entities against whom such a challenge could be enforced. The Court finds Emmons' Fourth Defense is unrelated to any asserted claims in this case, and it will be stricken from the pleadings.

Plaintiffs' next assert that Emmons' Sixth Defense, stating that he is entitled to a grant of attorney's fees and costs pursuant to 42 U.S.C. § 1988, should be stricken. The Court agrees. While § 1988 allows recovery of attorney's fees and costs by a prevailing party for a number of claims, neither Plaintiffs nor Emmons have raised any of the claims enumerated under § 1988 in any pleading before the Court. Accordingly, Emmons' Sixth Defense will be stricken from the pleadings.

Plaintiffs also assert that Emmons' request for a jury trial on Constitutional claims should be stricken because there are no Constitutional claims asserted by any party in the pleadings. Plaintiffs are correct that no party to this action has asserted a claim arising

4

under the Constitution. Accordingly, Emmons' request for a jury trial on Constitutional claims will be stricken from the pleadings.

Emmons has also asserted "all defenses contained in state law under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, *et seq*." This defense will be stricken because the TGTLA addresses the liability of governmental entities only. *See Arbuckle v. City of Chattanooga,* 696 F.Supp.2d 907, 929 (E.D.Tenn. 2010). There are no governmental entities that are a party to this action; therefore, any defense asserted pursuant to the TGTLA is unrelated to the claims at issue.

### III. Motion to Dismiss

Plaintiffs move to dismiss Emmons' counterclaims for tortious interference, breach of contract, violation of the Tennessee Consumer Protection Act, copyright infringement, and insurance bad faith.

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of plaintiff's claims that would entitle plaintiff to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the

5

complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*

### A.  Breach of Contract

The elements of a breach of contract are (1) an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach. *ARC LifeMed, Inc. v. AMC-Tenn. Inc.,* 183 S.W.3d 1, 26 (Tenn.Ct.App. 2005). Privity of contract is required unless a third-party can show that the party is an intended beneficiary of the contract. *Owner-Operator Independent Drivers Assoc. Inc. v. Concord EFS, Inc.,* 59 S.W.3d 63, 68 (Tenn. 2001). In order to maintain an action as an intended beneficiary, a third-party must show (1) a valid contract made upon sufficient consideration between the principal parties, and (2) the clear intent to have the contract operate for the benefit of the third-party. *Owner-Operator Indep. Drivers Ass'n Inc. v. Concord EFS Inc.,* 59 S.W.3d 63, 68-69 (Tenn. 2001). If, however, the benefit flowing to the third-party is not intended, but is merely incidental, the third-party acquires no right to enforce the contract. *Id.* at 68.

Here, Emmons' counter-complaint asserts claims arising out of the contract between Kent Direct, Inc. and Surrey Vacation Resorts, Inc. Specifically, Emmons alleges that by interfering with the business relationship between Kent and Surrey, Plaintiffs caused Surrey to breach its contractual duties owed to Kent. Because Emmons is not a party to the Kent/Surrey contract, he must show that he was an intended third-

6

party beneficiary of the contract to maintain a claim for breach of the contract. Emmons did not attach a copy of the purported contract to his counter-complaint, and he does not identify any other parties to the contract. Emmons' counter-complaint alleges no facts which would indicate a clear intention by any of the parties to the contract to treat him as an intended beneficiary of the contract. Evidence of intent to confer a benefit must be clear and direct. *Owner*-Operator, 59 S.W.3d at 68. Because Emmons has not shown that he is an intended third-party beneficiary of the contract, he has no right to enforce the terms of the contract. Moreover, neither of the Plaintiffs are parties to the contract, or have any duties under the Kent/Surrey contract which can be enforced against them. The Court finds that Emmons' counter-complaint fails to state facts sufficient to support a claim against Plaintiffs for breach of contract. Accordingly, Emmons' breach of contract claim will be dismissed.

### B.  Tortious Interference

The allegations asserted in the counter-complaint for tortious interference could be construed as either tortious interference with contract, or tortious interference with a business relationship. Tennessee recognizes both a common law tort of tortious interference with contract and the statutory tort of unlawful procurement of breach of contract. *Hauck Mfg Co. v. Astec Indus. Inc.,* 375 F.Supp.2d 649, 659 (E.D.Tenn. 2004). Though derived from different sources, the elements of the two claims are identical. In order to recover under either the common law or statutory action, a plaintiff must show (1) there was a legal contract; (2) the defendant was aware of the contract; (3) the

7

defendant maliciously intended to induce a breach; and (4) the defendant's actions proximately caused a breach and resulting damages. *Id.*

In order for Emmons to state a claim for tortious interference with contract, he must first state facts to support the elements for breach of contract. As discussed above, Emmons allegations are insufficient to support the required privity, or that he was an intended beneficiary of the contract between Kent and Surrey; therefore, Emmons has not shown that he personally has any right to enforce the contract against Plaintiffs, and his counter-complaint fails to state a cause of action for tortious interference. Accordingly, his claim for tortious interference with contract will be dismissed.

Emmons also fails to state a claim for tortious interference with a business relationship. To state a cause of action for tortious interference with a business relationship, Emmons must allege (1) an existing business relationship with specific third-parties or a prospective relationship with an identifiable class of third persons; (2) defendant's knowledge of the relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) defendant's intent to cause the breach or termination of the business relationship; (4) defendant's improper motive or improper means; and (5) damages resulting from the tortious interference. *Personal Computer Sys. Inc. v. Central Knox Inc.,* 2012 WL 1108245 at *4 (E.D.Tenn. Mar. 30. 2012).

The counter-complaint does not allege sufficient facts showing Emmons had an existing business relationship with any specific third parties, or that Plaintiffs caused, or intended to cause a breach of any such relationship. Emmons only alleges that his company, Kent, had an existing business relationship with Surrey. Any benefit to

8

Emmons was incidental to his position as a principal of Kent, and he has not alleged any facts showing he was a party to any other business relationship. In addition, Emmons has failed to allege that Plaintiffs engaged in any improper actions that had any effect on Kent's relationship with Surrey. Therefore, his claim for tortious interference with a business relationship will be dismissed.

### C. Tennessee Consumer Protection Act

Emmons also asserts a claim against Plaintiffs for violation of the Tennessee Consumer Protection Act (TCPA), Tenn. Code Ann. § 47-18-101. In order to recover under the Tennessee Consumer Protection Act (TCPA), Emmons must show: (1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) that the defendant's conduct caused an "ascertainable loss of money or property." Tenn. Code Ann. § 47-18-109(a)(1). The TCPA does not impose a single, bright-line standard for determining whether a particular act or practice is deceptive. As a result, the standards to be used in determining whether a representation is "unfair" or "deceptive" under the TCPA are legal matters to be decided by the courts. *Tucker v. Sierra Bldgs.,* 108 S.W.3d 109, 116 (Tenn.Ct.App. 2005). A deceptive act or practice is, in essence, "a material representation, practice or omission likely to mislead . . . reasonable consumers to their detriment." *Ganzevoort v. Russell,* 949 S.W.2d 293, 299 (Tenn. 1997). A deceptive act or practice is one that causes or tends to cause a consumer to believe what is false, or that misleads, or tends to mislead a consumer as to a matter of fact. *Campbell v. Teague,* 2010 WL 1240732 at *7 (Tenn.Ct.App. Mar. 31, 2010).

9

Emmons' counter-complaint alleges that Plaintiffs have engaged in unfair or deceptive acts or practices by asset stripping, fraudulent transfers and using Surrey's credit lines and vendor relationships to run up bills and avoid CRG's obligations under the contract. Unlike a claim for breach of contract, privity is not required under the TCPA. *Murphy v. Savage,* 2006 WL 1864403 at *4 (Tenn.Ct.App. July 6, 2006). A plaintiff asserting a claim under the TCPA is only required to show that the defendant's wrongful conduct proximately caused plaintiff's injury. *Steamfitters Local Union No. 614 Health and Welfare Fund v. Philip Morris, Inc.,* 2000 WL 1390171 at *7 (Tenn.Ct.App. Sept. 26, 2000).

Accepting the allegations of the counter-complaint as true, Emmons has still failed to show how Plaintiffs' actions have caused him any injury or damages. His TCPA claims appear to be based on the alleged breach of the contract between Kent and Surrey. Although he alleges damage to Surrey, Emmons fails to allege any facts that Plaintiff's actions resulted in any direct damage to him. Accordingly, the Court finds that Emmons has failed to state a claim for violation of the TCPA, and that claim will be dismissed.

### D. Copyright Infringement

The counter-complaint alleges that Plaintiffs used Emmons' name, likeness, and selling material without proper registration of the sales material. In order to state a claim of copyright infringement, a plaintiff must show (1) a specific original work, (2) owned by the plaintiff, (3) which has been registered in accordance with the copyright statute; and (4) actions by defendant which infringed the copyright. *Gusler v. Fischer,* 580 F.Supp.2d 309, 318 (S.D.N.Y. 2008). Here, Emmons does not allege any specific work

10

protected by copyright which has been infringed by Plaintiffs. At a minimum, Emmons is required to show ownership of a copyright and copying by Plaintiffs. *Wickham v. Knoxville Int'l Energy Expo. Inc.,* 739 F.2d 1094, 1087 (6th Cir. 1984). Emmons does not identify what work he personally owns that is protected by a valid copyright. The Court finds that Emmons has failed to allege sufficient facts to state a claim for copyright infringement, and this claim will be dismissed.

### E. Insurance Bad Faith Penalty

Emmons asserts a claim for the bad faith penalty under Tenn. Code Ann. § 56-7-105. Before there can be a recovery of penalty under this provision, Emmons must allege (1) a policy of insurance that has become due and payable; (2) a formal demand for payment has been made; (3) the insured waited 60 days after making demand before filing suit; and (4) a refusal to pay not made in good faith. *Palmer v. Nationwide Mut. Fiore Ins. Co.,* 723 S.W.2d 124, 126 (Tenn.Ct.App. 1986). Emmons' counter-complaint alleges no facts to support a claim under Tenn. Code Ann. § 56-7-105. Accordingly, that claim will also be dismissed.

### F. Declaratory Judgment

Emmons attempts to bring a claim under the Declaratory Judgment Act stating "an actual controversy of a justifiable nature presently exists between EMMONS, CAPITAL RESORTS GROUP, LLC, and JASON SHROFF concerning the existence of the contract and the ongoing rights and obligations of the parties with respect to coverage for additional expenses."

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a): "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." However, exercise of jurisdiction under the Declaratory Judgment Act is not mandatory. *Brillhart v. Excess Ins. Co. of Amer.,* 316 U.S. 491, 494-95 (1942). The Declaratory Judgment Act confers broad discretion on the court whether to entertain an action, even when the suit would otherwise satisfy jurisdictional prerequisites. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 282 (1995).

The Sixth Circuit has adopted a five-factor test for determining whether a district court should exercise jurisdiction over a declaratory judgment action: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purposed in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for *res judicata*; (4) whether use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *AmSouth Bank v. Dale,* 386 F.3d 763, 785 (6th Cir. 2004).

Plaintiffs do not dispute that the present case constitutes an actual controversy between the parties; however, they argue that none of the factors weigh in favor of the Court exercising discretionary jurisdiction over Emmons' claim for declaratory judgment. The Court agrees.

12
Case 3:15-cv-00368-PLR-HBG Document 24 Filed 03/04/16 Page 12 of 14 PageID #: 132

The first, second, and fifth factors weigh against the Court exercising jurisdiction over Emmons' declaratory claim. A determination of whether a judgment would settle the controversy entails consideration of "whether the claims of all parties in interest can be satisfactorily adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amendable to process in that proceeding, *etc.*" *Wilton,* 515 U.S. at 283. The only issues identified for adjudication by the declaratory action is the existence of a contract between Kent Direct, Inc. and Surrey Vacation Resorts, Inc. But, whether a contract exists between Kent and Surrey is wholly unrelated to the claims asserted by Plaintiffs for defamation, invasion of privacy, intentional infliction of emotional distress, and violation of the Anti-Cybersquatting Consumer Protection Act. Neither Kent Direct Inc. nor Surrey Vacation Resorts, Inc. is a party in this action. Therefore, whether a valid contract exists between Kent Direct, Inc. and Surrey Vacation Resorts, Inc. bears no relation to the claims at issue in this case.

The third and fourth factors are neutral as it does not appear from the pleadings that the declaratory action is being used for procedural fencing, or that it would increase friction between state and federal jurisdiction. Accordingly, the Court will decline to exercise jurisdiction over Emmons' declaratory judgment claim, and the claim will be dismissed.

## IV. Conclusion

In light of the foregoing discussion, Plaintiffs' motion to strike and motion to dismiss counterclaims [R. 13] is **GRANTED** as follows:

1. Defendant's Fourth and Sixth Defenses are **STRICKEN** from the pleadings.

2. Defendant's request for a jury trial is **STRICKEN** from the pleadings.

3. Defendant's defenses asserted under the Tennessee Governmental Tort Liability Act are **STRICKEN** from the pleadings.

4. Defendant's counterclaim for breach of contract is **DISMISSED.**

5. Defendant's counterclaim for tortious interference is **DISMISSED.**

6. Defendant's counterclaim for violation of the Tennessee Consumer Protection Act is **DISMISSED.**

7. Defendant's counterclaim for copyright infringement is **DISMISSED.**

8. Defendant's counterclaim for the insurance bad faith penalty under Tenn. Code Ann. § 56-7-105 is **DISMISSED.**

9. Defendant's counterclaim for declaratory judgment is **DISMISSED.**

**IT IS SO ORDERED.**

/s/ Pamela L. Reeves
**UNITED STATES DISTRICT JUDGE**