UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| CAPITAL RESORTS GROUP, LLC | ) | |
| And JASON SHROFF, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-368-PLR-HBG |
| | ) | |
| KENT EMMONS, | ) | |
| | ) | |
| Defendant. | ) | |


## MEMORANDUM AND ORDER


Plaintiffs, Capital Resorts Group (CRG) and Jason Shroff, filed this action on August 20, 2015, alleging defamation, invasion of privacy, intentional infliction of emotional distress, and violation of the Anti-Cybersquatting Consumer Protection Act. Defendant, acting *pro se,* filed an answer and counterclaim on September 14, 2015. Pending before the Court is Plaintiffs' motion for preliminary injunction [R. 3]. Plaintiffs seek a preliminary injunction to prevent irreparable harm from Defendant Kent Emmons' unlawful use of the domain name www.jasonshroff.com. Plaintiffs state that Emmons has registered the subject domain name and operates a website for the purpose of publishing defamatory remarks concerning CRG and Shroff. Plaintiffs assert that because the domain name is identical to Shroff's legal name, Emmons' use of the domain name violates Schroff's privacy and trademark rights to his own name. In addition, if

Emmons' actions are allowed to continue, Plaintiffs will suffer irreparable harm to the business and personal reputations of CRG and Shroff. Plaintiffs therefore request a preliminary injunction prohibiting Emmons from continuing to operate the domain name www.jasonshroff.com and to prohibit Emmons from continued use of Shroff's personal name for his own benefit.

In support of their motion, Plaintiffs state that Emmons registered and/or created a website with the domain name www.jasonshroff.com on August 12, 2015. Plaintiffs allege that Emmons has used the domain name www.jasonshroff.com as a platform to publish defamatory remarks and information regarding CRG and Shroff to indirectly retaliate against a company with whom CRG maintains a business relationship for terminating Emmons' contract to manage two radio stations and to indirectly extort the company into selling or transferring ownership of the radio stations to Emmons.

In his Answer to the Complaint [R. 10], Emmons responds that "Plaintiffs' claims for injunctive relief are barred, because Plaintiffs cannot demonstrate irreparable injury in the absence of an injunction, that injunctive relief would not cause substantial harm to others, or that injunctive relief would serve the public interest." Defendant adds nothing more in the way of a response to Plaintiffs' motion for a preliminary injunction.

The local rules of this Court provide that the failure to respond to a motion is deemed to be a waiver of any opposition to the relief sought. E.D. Tenn. LR 7.2. This waiver occurs both where a party expressly concedes a point and where a party fails to respond to arguments made by its opponent. *Taylor v. Unumprovident Corp.*, 2005 WL 3448052 at *2 (E.D.Tenn. Dec. 14, 2005) (citing *Guster v. Hamilton Cnty Dept of Ed.*,

2

2004 WL 1854181 at *7 (E.D.Tenn. Mar. 2, 2004) (holding an argument not addressed in the responding party's brief is deemed waived). Because Emmons did not respond to Plaintiff's specific arguments in support of a preliminary injunction, the Court finds Emmons has waived any opposition to the relief sought.

A preliminary injunction is an extraordinary remedy that is generally used to preserve the status quo between the parties pending a final determination of the merits of the action. In determining whether to issue a preliminary injunction, the Court considers four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,* 511 F.3d 535, 542 (6th Cir. 2007).

The Court must first consider whether Plaintiffs have demonstrated a strong likelihood of success on the merits. Plaintiffs assert a cause of action against Emmons under the Tennessee Personal Rights Protection Act, Tenn. Code Ann. § 47-25-1101 for invasion of privacy via wrongful appropriation of Shroff's name, likeness, and/or identity. Violations of the Act involve intentional, unconsented use of a person's name, likeness, or identity for the defendant's own benefit and the gravamen of the action is violation of the exclusive right at common law to publicize and profit from one's own name, likeness, and other aspects of personal identity. *Id; see also State ex rel. Elvis Pressley Int'l Memorial Foundation v. Crowell,* 733 S.W.2d 89, 99 (Tenn.Ct.App. 1987).

3

The record shows that Plaintiffs have established that Emmons, through the use of the domain name www.jasonshroff.com has intentionally used Shroff's name, likeness, and/or identity for his own benefit without Shroff's consent. This constitutes a *prima facie* violation of the Act. Accordingly, the Court finds that Plaintiffs are likely to succeed on the merits of their claim. *Certified Restoration*, 511 F.3d at 550.

The next factor the Court must consider in deciding whether to grant a preliminary injunction is whether Plaintiffs will suffer irreparable injury absent the injunction. The affidavit of Jason Shroff, submitted in support of Plaintiffs' motion states that Emmons' use of www.jasonshroff.com has and continues to cause confusion among CRG and Shroff's clients, investors, acquaintances, and the community at large. The ongoing damage to the business and reputation of Plaintiffs is irreparable. Accordingly, this factor weighs in favor of granting a preliminary injunction.

The third factor in determining whether to issue a preliminary injunction is whether . . . the injunction would cause substantial harm to others." *Certified Restoration*, 511 F.3d at 550-51. This factor is most commonly examined in terms of the balance of hardship between the parties. Here, the balance of harm tips in favor granting the preliminary injunction. Even if Plaintiffs prevail on the merits, the damage to Shroff's reputation and privacy would be irreparable. It appears that Emmons has registered and used the www.jasonshroff.com domain name for the sole purpose of defaming Plaintiffs. Emmons has presented no legitimate business use for the domain name; thus, a preliminary injunction will minimize the damage to Shroff's reputation and privacy pending a resolution on the merits of the action.

The last factor in determining whether to grant a preliminary injunction asks "whether the public interest would be served by the issuance of the injunction." *Id.* Emmons is currently operating a website at a domain name identical to Shroff's legal name, and which has and continues to appropriate Shroff's identity to confuse the general public regarding the origin and authenticity of the site's content. Emmons' continued operation of the www.jasonshroff.com website will cause ongoing damage to Shroff's personal and business reputation. Therefore, this factor favors issuance of a preliminary injunction.

Having considered the relevant factors in light of the record before the Court, the Court finds that a preliminary injunction is appropriate. Generally, a court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined." Fed.R.Civ.P. 65(c). Despite the mandatory language of Rule 65, the rule in the Sixth Circuit has long been that the district courts possess discretion over whether to require the posting of security. *Appalachian Reg. Healthcare Inc. v. Coventry Health and Life Ins. Co.,* 714 F.3d 424, 431 (6th Cir. 2013). Here, Emmons has not produced any evidence regarding potential damages that would be sustained upon a preliminary injunction requiring him to discontinue the use of the www.jasonshroff.com website. The Court finds that no bond is necessary in this case.

**Conclusion**

For the reasons set forth above, Plaintiffs' motion for a preliminary injunction [R. 3] is **GRANTED,** as follows:

Defendant Kent Emmons is hereby **ENJOINED** from:

1.      Maintaining or continuing to use the domain name www.jasonshroff.com for any purpose whatsoever – such domain name and the associated website to be disabled and taken offline immediately; and

2.      Using Plaintiff Jason Shroff's personal name or a colorable imitation thereof in any published format including email, print, or online media/websites.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**